

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JMM:BTR
F.#2006R01511

*United States Attorney's Office*
*610 Federal Plaza*
*Central Islip, New York 11722-4454*

September 21, 2010

<u>Via ECF and Hand</u>

Honorable Frederic Block
United States Senior District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

> Re: United States v. Zohrab Marshlian, et al.
>     <u>Criminal Docket No. 08 CR 900(FB)</u>

Dear Judge Block:

The government submits this letter to alert the Court to two issues likely to arise during trial regarding statements of the defendant John Athanasiou.  The defendant Athanasiou made voluntary statements to federal agents when he was initially interviewed on December 19, 2000 and again on January 8, 2001.

In defendant's voluntary statement and subsequent proffer sessions, the defendant admitted to his knowledge and that of other Perini managers and officers, including the President of Perini, co-defendant Zohrab Marashlian concerning their ongoing fraud to defraud government agencies arising from their hiring of non-minorities to do the work of Minority/Disadvantages and Woman owned Businesses ("M/D/WBEs"). Athanasiou's summarized statements include:

> a) "Everyone at Perini knew that Brian Hotton was not a DBE and that he was not part of VVSS"; "VVSS was well known in the construction industry as a 'phony' DBE"; and or "Perini used Hotton's company BCM on the RT 9 9A/Westside Highway Bob under the guise of the phony MBE/DBE Company, VVSS."

b)   "Perini also used the companies Fairview and Landsite
     to get DBE credit, but used other companies to perform
     the actual work."

(c)  "On two occasions I personally accepted pay offs from
     Brian Hotton.  The first occurred sometime in early
     1996 after Hotton had completed trucking for Perini on
     the Vortex job in Queens, N.Y.  Hotton paid me
     $10,000.00 in the form of a BCM check and the second
     occurred in late 1996 when I told Hotten I was
     purchasing a Jeep and Hotton paid $10,000.00 towards
     the purchase."

(d)  "The sole purpose of the payments by Hotton was to
     influence my decisions in awarding subcontracts at
     Perini.  It was understood between me and Hotton that,
     because of these payoffs, I would give the work the
     Hotton."

         Athanasiou's oral admissions that the President of
Perini, co-defendant Zohrab Marashlian was a knowing and
essential part of this conspiracy will be redacted to meet
the requirements of Bruton v. United States, 392 U.S. 123 (1968)
by substitution of his name with a neutral pronoun or references
to "another person."  United States v. Jass, 569 F.3d 47, 50 and
54-64 (2d Cir. 2009); United States v. Tutino, 883 F.2d 1125,
1135 (2d Cir. 1989) (supporting the substitution of neutral
words-- "others," "other people" and "another person"--for the
co-defendants named in the confession of the non-testifying
defendant);  See, e.g., United States v. Yousef, 327 F.3d 56, 149
(2d Cir. 2003) (upholding redaction of co-defendant's name to "my
neighbor"); United States v. Kyles, 40 F.3d 519, 526 (2d Cir.
1994) (upholding redaction of co-defendant's name to "he");
United States v. Williams, 936 F.2d 698, 701 (2d Cir. 1991)
(upholding redaction of co-defendant's name to "friend").

         In addition Athanasiou subsequently provided extensive
proffers on January 16, 2001 and again on November 16, 2007.
Copies of which are attached.

         The proffer agreement provides, in relevant part, that
the government may not use any of the statements made by the
defendant against him at trial, except (1) "as substantive
evidence to cross-examine [the defendant]" or (2) "as substantive
evidence to rebut, directly or indirectly, any evidence offered
or elicited, or factual assertions made, by or on behalf of [the
defendant] at any stage of a criminal prosecution (including . .

. trial . . .)." The government will seek to introduce the defendant's proffer statements should one of the above cited-provisions be triggered. As set forth below, the trigger can occur as early as opening statements.

Where the statements were made pursuant to the proffer agreement, such agreements provide, in relevant part, that the government may not use any of the statements made by the defendant against him at trial, except (1) "as substantive evidence to cross-examine [the defendant]" or (2) "as substantive evidence to rebut, directly or indirectly, any evidence offered or elicited, or factual assertions made, by or on behalf of [the defendant] at any stage of a criminal prosecution (including ... trial ...)." The government will seek to introduce the defendant's proffer statements should one of the above cited-provisions be triggered. As set forth below, the trigger can occur as early as opening statements.

In <u>United States v. Barrow</u>, 400 F.3d 109 (2d Cir. 2005), the Second Circuit held enforceable a similar proffer agreement and upheld the admission of proffer statements. In <u>Barrow</u>, the defendant had admitted during proffer meetings with the government that he regularly sold crack at 215 Schaefer Street, Brooklyn. <u>Id</u>. at 115 At trial, defense counsel stated in his opening that "this is a case of mistaken identity." <u>Id</u>. at 114. Defense counsel also cross-examined a detective testifying for the government on discrepancies between the officers testimony regarding one of the crack sales and his official report and accused the detective of fabricating a meeting with the defendant at 215 Schaefer Street. <u>Id</u>.

The Court held that both defense counsel's opening statement and cross-examination question triggered the provision in the proffer agreement which allowed the admission of the defendant's proffer statements. <u>Id</u>. at 119-20. In so doing, the Court espoused a two-part inquiry: (1) does the statement, testimony, or question which is alleged to trigger the admissibility of the proffer statement constitute a "factual assertion;" and (2) does the statement sought to be introduced "fairly rebut" that assertion. <u>Id</u>. Notably, the Court specifically rejected the contention that the triggering statement must directly contradict the statement sought to be introduced. <u>Id</u>. at 120 (noting that "proper rebuttal is not limited to direct contradiction."). "[R]ather, rebuttal evidence encompasses any evidence that the trial judge concludes fairly counters and casts doubt on the truthfulness of factual assertions advanced, whether directly or implicitly, by an adversary." <u>Id</u>. at 121.

Should an appropriate triggering assertion be made by defense counsel or a defense witness, the government will seek to introduce the defendant's proffer statements which fairly rebut that statement.  See United States v. Velez, 354 F.3d 190, 196 (2d Cir. 2004) this Court confirmed the validity of identical proffer agreement provisions, such as the one at issue here, authorizing "the government to introduce defendant's proffer statements at trial if defendant introduced evidence or arguments that were inconsistent with his proffer statements."  Id. at 192. Of course, a defendant is free to offer such inconsistent evidence or arguments "with the fair consequence that, if he does, 'the government [is] then ... permitted to present the defendant's own words in rebuttal.'"  Id. at 196 (citing United States v. Gomez, 210 F.Supp.2d 465, 476 (S.D.N.Y. 2002)).

Indeed, Anthanasiou, to avoid use of his proffered statements, must conduct any attack on the credibility of a witness in such a way so as not to imply facts contradicted by his proffer statements.  For, as the Court held in  United States v. Krilich, 159 F3d 1020, 1025-26 (7th Cir. 1998), if he raises questions or arguments "[T]he truth of one implies the falsity of the other."  He will have opened the door to the proffer statements' introduction.  To avoid introduction of defendant's proffer statements, counsel must find a method of impeachment of any witness that "*need not* be 'contrary to' or 'inconsistent with' a defendant's admission of guilt in a bargaining proffer.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:   _____
Burton T. Ryan, Jr.
Assistant U.S. Attorney

cc: Clerk of the Court(FJB)

Gustave H. Newman
Newman & Greenberg
950 Third Avenue
New York, New York 10022 (Via ECF)

Harry C. Batchelder, Jr.
40 Wall Street
61st Floor
New York, New York 10005 (Via ECF)